IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, | CV 20–40–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| WESTERN STATES FIRE PROTECTION, | |
| Defendant. | |

This case arises out of water damage to the Quality Inn & Suites, a hotel on the westside of Missoula, that allegedly resulted from a defective dry sprinkler fire protection system in February 2018. (*See generally* Doc. 5.) Plaintiff Ohio Security Insurance Company ("Ohio") insured the Quality Inn under a policy that was in effect in February 2018. (*Id.* ¶¶ 2, 8.) Defendant Western States Fire Protection Company ("Western States") provided fire protection maintenance and testing at the Quality Inn, including maintaining and testing the dry sprinkler system. (*Id.* ¶¶ 10, 11.) Western States tested the sprinkler system in November 2017. (Doc. 18 at ¶¶ 3(i), (j)). In February 2018, a coupling that was part of the sprinkler system broke, discharging water into the Quality Inn. (*Id.* ¶¶ 3(k)–(m)). In February 2020, Ohio brought suit against Western States in Montana state court,

1

alleging one count of negligence. (Doc. 5.) Western States removed that in March 2020. (Doc. 1.)

## I.    Pending Motions

The Court held a preliminary pretrial conference with the parties in September 2020. (Doc. 18.) The Scheduling Order that resulted from that conference set a deadline of May 6, 2021 for simultaneous disclosure of liability experts and a deadline of June 3, 2021 for disclosure of Western State's damages experts. (*Id.* ¶ 1.) The current motions result from defugalties concerning these expert disclosure deadlines. Ohio moves to exclude Western State's expert reports, (Doc. 23), and moves in limine to exclude Western State's experts at trial, (Doc. 26). The basis of both these motions is that Western States did not timely disclose its experts, despite Ohio's agreement to several informal continuances of the disclosure deadline.

In its first motion, Ohio seeks to exclude Western States' untimely expert reports on the basis that Ohio States' delayed disclosure was not substantially justified, nor was it harmless, making exclusion appropriate under Federal Rule of Civil Procedure 37. (Doc. 24 at 3.) Concerning its second motion, Ohio invokes Rule 615 to exclude witnesses from the courtroom during trial, and it also essentially seeks an order that the Court will enforce the Rules of Evidence at trial. (*See* Doc. 27 at 2 (requesting an order prohibiting the admission of previously

2

undisclosed evidence where the danger of unfair prejudice to Ohio outweighs any potential probative value and limiting any expert witness's testimony only to the expert's field of expertise).)

Western States objects to both motions. (Docs. 28, 29.) Western States does not appear to object to the exclusion of all non-party witnesses under Rule 615, and it is correct that the exclusion of undisclosed evidence and the limitation of witness testimony are issues that can be dealt with at trial with the Rules of Evidence. (*See* Doc. 29 at 2.) Thus, the only dispute on the present motions is whether Western States' untimely disclosure warrants exclusion of its expert reports and expert testimony at trial. For the reasons set forth below, such exclusion is warranted.

## II.    Exclusion

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party is barred from using information "to supply evidence on a motion, at a hearing, or at a trial" when such information was not disclosed in accordance with Rule 26(a) or (e). Rule 37(c)(1) provides an exception to the general rule of exclusion of untimely disclosed material if the late-disclosing party's failure to properly disclose "was substantially justified or is harmless." Western States, as the late-disclosing party, bears the burden of proving that the failure to timely disclose was substantially justified or harmless. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "Factors relevant in determining whether

there was 'substantial justification for nondisclosure' under Rule 37(c)(1) include:
(1) whether the failure to disclose was willful or merely negligent; and (2) whether
the nondisclosure resulted from factors beyond the control of the expert's
proponent." *Rau v. State Farm Ins. Cos.*, 2007 WL 7652826, *8 (D. Mont. Aug.
14, 2007). When assessing whether the late disclosure was harmless, expert
preclusion is appropriate where the several factors indicate the late disclosure is
prejudicial. "The test requires the court to analyze 1) the public's interest in
expeditious resolution in litigation; 2) a court's need to manage its docket; 3) risk
of unfair prejudice to the defendants; 4) public policy favoring disposition of cases
on their merits; and 5) the availability of less drastic changes." *Keener v. United
States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

Here, Western States cannot show that its failure to timely produce the
expert reports was substantially justified or harmless. First, Western States' failure
to timely disclose was willful, as indicated by its multiple requests for informal
extensions of the deadline. (*See* Doc. 25-1 at 1; Doc. 25-3 at 1; Doc. 25-5 at 1.)
Additionally, Western States indicated that its failure to timely disclose was the
result of "the inability of the intended liability expert to timely complete the
report," (Doc. 28 at 2), but the correspondence attached to Ohio's first motion
shows that Ohio agreed to multiple informal extensions that ultimately resulted in
almost two-months' worth of extra time, and it did not agree to the final request for

4

an extension due to its client's wishes. (*See* Docs. 25-1 through 25-7.) Western States offers no explanation of why it could not engage a different expert when it became clear that such significant extensions were necessary; indeed, it is interesting that Western States filed its disclosures a day after the Court denied its request for an extension, (Doc. 22); (*see also* Doc. 24 at 3).

Further, contrary to Western States' argument, the untimely disclosure here was not harmless. The public has an interest in the expeditious resolution of the litigation, and Western States avers that no deadlines were impacted by its failure to meet the expert disclosure deadlines. (Doc. 24 at 4, 8.) But the very reason underlying the current motions is the fact that Western States missed the deadline as set forth in the Scheduling Order and as informally agreed to by the parties. Rule 16 of the Federal Rules of Civil Procedure establishes that the purpose of the pretrial conference and scheduling order is to "expedit[e] disposition of the action." By missing the original deadline and the subsequent, informal deadlines, Western States has frustrated that purpose. *See Keener*, 181 F.R.D. at 642 ("Requiring the parties to comply with the Rules of Civil Procedure and with the court's scheduling order promotes [expeditious resolution] by eliminating the need for continuances."). Relatedly, the Court has significant interest in managing its docket. As the Scheduling Order made clear, the Court is not interested in refereeing discovery disputes, and the Scheduling Order warned that the parties

5

were free to stipulate to extensions—which the parties did—but that formal continuances would not be granted absent compelling reasons. (Doc. 18 at ¶ 1.) Western States has offered no compelling reasons here. And, the Court's need to manage its docket is arguably more important than ever as COVID-19-related issues have prompted parties to stretch cases beyond their usual timeline. Finally, while public policy favors disposition of cases on their merits, that interest is weighed against the public's interest in expeditious litigation and the Court's need to manage its own docket; here, the latter interests outweigh the former.

**III.    Conclusion**

Because Western States has not shown its late disclosures to be substantially justified or harmless,

IT IS ORDERED that Ohio's motion to exclude Western States' experts, (Doc. 23), is GRANTED.

IT IS FURTHER ORDERED that Ohio's motion in limine to exclude Western States' experts, (Doc. 26), is GRANTED IN PART and DENIED IN PART. It is GRANTED to the extent it invokes Rule 615 to exclude all non-party witnesses from the courtroom and to the extent it seeks to exclude the testimony of Western States' experts. It is DENIED in all other respects as the Court is bound by the Federal Rules of Evidence and Ohio's requests are superfluous.

DATED this ___ day of September, 2021.

11:23 A.M.

Donald W. Molloy, District Judge
United States District Court